DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
*Email:* gwinter@mastagni.com

Attorneys for Plaintiff DURIEL DAVIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURIEL DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANCE SERVICES, INC., a corporation; ARCHER-DANIELS-MIDLAND CO., a corporation; ARCHER DANIELS MIDLAND COMPANY; ADM RICE, INC., a corporation; ADM MILLING COMPANY, a corporation; RUSH PERSONNEL SERVICES, INC., a corporation; JOHNNY BARNETT, an individual; JANETTE ESCALANTE, an individual; MATTHEW HOUSE, an individual; OMAR ROSALES, an individual; CARLOS GUERRERA, an individual; and, DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(1) Discrimination (42 U.S.C. §1981)**<br>**(2) Discrimination (Gov't Code §12940** *et seq.***)**<br>**(3) Harassment (Gov't Code §12940** *et seq.***)**<br>**(4) Retaliation (Gov't Code §12940** *et seq.***)**<br>**(5) Failure to Prevent (Gov't Code §12940** *et seq.***)**<br><br>*JURY TRIAL DEMANDED* |

## JURISDICTION

1.   Plaintiff Duriel Davis hereby asserts federal claims arising out of 42 U.S.C. § 1981. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court also has supplemental jurisdiction over the state law claims alleged herein as conferred by 28 U.S.C.

§1367.

# VENUE

2. Venue is proper pursuant to 28 U.S.C §1391 because the events giving rise to this complaint occurred in this judicial district.

# PARTIES

3. Plaintiff Duriel Davis is an individual and at all times mentioned herein was a resident of California. At all times alleged herein, Plaintiff was employed by Defendants. Plaintiff is a member of the African-American Race.

4. Defendant Advance Services Incorporated (hereinafter, "Advance") is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

5. Defendant Archer-Daniels-Midland Co., is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

6. Defendant Archer Daniels Midland Company is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

7. Defendant ADM Rice, Inc. is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

8. Defendant ADM Milling Company is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

9. Hereinafter Defendants Archer-Daniels-Midland Company, Archer Daniels Midland Company, ADM Rice, Inc., ADM Milling Company, and Does 1 through 10, are collectively referred to as "ADM."

10. Defendant Rush Personnel Services, Inc. (Rush) is, at all times mentioned herein, a corporation doing for-profit business in the State of California.

11. Defendant Johnny Barnett (hereinafter, "Barnett") is, upon information and belief, at all times mentioned herein, an individual domiciled in California. Upon information and belief, Barnett was, at all relevant times mentioned herein, the plant manager at ADM.

12. Defendant Janette Escalante (hereinafter, "Escalante") is, upon information and belief, at all times mentioned herein, an individual domiciled in California. Upon information and belief,

Escalante was, at all relevant times mentioned herein, a human resources officer at ADM.

13. Defendant Omar Rosales (hereinafter, "Rosales") is, upon information and belief, at all times mentioned herein, an individual domiciled in California.

14. Defendant Matthew House (hereinafter, "House") is, upon information and belief, at all times mentioned herein, an individual domiciled in California.

15. Defendant Carlos Guerrera (hereinafter, "Guerrera") is, upon information and belief, at all times mentioned herein, an individual domiciled in California.

16. Plaintiff is ignorant of the true names and capacities of the defendants sued herein under the fictitious names Doe 1 through Doe 100.  Plaintiff is informed and believes and therefore alleges that the defendants named herein as DOE 1 through DOE 100, are responsible in some manner for the events and happenings complained of herein, and proximately caused Plaintiff' damages and injuries. Plaintiff intends to amend his complaint to include the true names and capacities of defendants sued herein as DOE 1 through DOE 100, when more information is ascertained.

17. Whenever in this complaint any reference is made to "Defendant" or "Defendants," such reference shall be deemed to refer to all defendants, whether specifically named or whether identified as a "Doe."

18. Plaintiff is informed and believes that at all times relevant herein, Defendants were the agents, representatives, servants and/or employees of every other Defendant, who was a principal, master, and/or employer of each other Defendant, and every Defendant was acting within the course and scope of said agency, authority, and/or employment.

19. Whenever in this complaint reference is made to any act or omission of any Defendant and/or their agent(s), representative(s), servant(s) and/or employee(s), whether specifically named or designated as a Doe, such allegations shall be deemed to mean the act or omission of each Defendant, acting individually, jointly, in concert, and severally, and in furtherance of joint activity while actively engaged in the management, direction, control and/or employ of the affairs of Defendants, and that each Defendant did or authorize or ratify such acts or omissions while actively engaging in the management, direction, control and/or employ of the affairs of said Defendants,

and each of them, and were acting within the course and scope of their employment, authority and agency.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20.     All conditions precedent to the filing of the claims alleged in this complaint have occurred.

21.     On or about March 5, 2021, Plaintiff timely filed a complaint with California's Department of Fair Employment and Housing (hereafter "DFEH") against all Defendants complaining of harassment, discrimination, and retaliation because of Plaintiff's race and because Plaintiff engaged in activity protected under California's Fair Employment and Housing Act (hereafter "FEHA"). In response to Plaintiff's March 5, 2021 complaint, DFEH issued a "Right to Sue" letter dated March 5, 2021.

**FACTS APPLICABLE TO ALL CAUSES OF ACTION**

22.     In or around late 2017, Plaintiff began working for Advance and/or ADM and/or Rush as an Employee in Woodland, California, County of Yolo.  He is still employed by those Defendants.

23.     At all relevant times alleged herein, Advance, ADM and Rush regularly employed more than 15 employees each.

24.     Beginning early 2019 and continuing through the present, all Defendants, and each of them, undertook a continuing series of similar and related discriminatory, harassing, and/or retaliatory actions against Plaintiff.  These discriminatory, harassing, and/or retaliatory actions were undertaken against Plaintiff because of his race, and/or Defendants' perception of Plaintiff's race, and/or because Plaintiff complained of and opposed unlawful actions that were taken against him because of his race.

25.     This series of discriminatory, harassing, and/or retaliatory actions, and each individual discriminatory, harassing, and/or retaliatory act violated Plaintiff's rights under law, including but not limited to Plaintiff' rights under FEHA, California Government Code § 12940 *et seq*., and 42 U.S.C. §1981.  This conduct constituted adverse and/or tangible employment actions, unreasonably interfered with Plaintiff's work performance, was severe and pervasive, and/or created a hostile and offensive working environment.

26.     This continuing series of similar and related discriminatory, harassing, and/or retaliatory

1   actions against Plaintiff includes, but is not limited to, the following conduct:

2   (a)  In or about February of 2019, Plaintiff's foreman/supervisor "Carlos" fashioned a noose out of a piece of rope, presented the noose to Plaintiff, and pretended to hang himself by the neck with the noose.  Plaintiff's foreman/supervisor told Plaintiff "This is for you".  Defendants Barnett, Rodriguez, and Escalante, had actual and/or constructive knowledge of the actions by Defendants' employees and Defendants Barnett, Rodriguez, and Escalante, failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(b) In or about June of 2020, "Carlos" pointed Plaintiff out to another employee, who was looking for a brownie "Carlos" was supposed to bring for lunch, and told the employee "There is your brownie", in reference to Plaintiff.  Defendants Barnett, Rodriguez, and Escalante, had actual and/or constructive knowledge of the use of such discriminatory and offensive language by Defendants' employees and Defendants Barnett, Rodriguez, and Escalante, failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(c) On or about September 23 of 2020, Plaintiff's co-worker Rosales fashioned a noose out of a piece of rope, and Rosales presented the noose to Plaintiff, and pretended to hang himself by the neck with the noose.  Rosales told Plaintiff, "It's for you", in regards to the noose. Defendants Barnett, Rodriguez, and Escalante, had actual and/or constructive knowledge of the actions by Defendants' employees and Defendants Barnett, Rodriguez, and Escalante, failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action.  Further, all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(d) Throughout most of 2020 and 2021, between at least June of 2020 and the present, all Defendants harassed, and/or discriminated against, and/or retaliated against Plaintiff by

ignoring Plaintiff, speaking in other languages to exclude Plaintiff from conversations, including work-related conversations and information, accusing Plaintiff of work-related and other misconduct, and singling Plaintiff out for punishment and/or discipline. This disparate treatment was taken against Plaintiff because of his race, and/or as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct. Defendants Barnett, Rodriguez, and Escalante, had actual and/or constructive knowledge of this conduct and Defendants Barnett, Rodriguez, and Escalante, failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

(e) On or about October of 2020, Plaintiff was discriminatorily moved from the shipping department to the sanitation department, a demotion, in order to avoid redressing the unlawful and discriminatory treatment of Plaintiff. Plaintiff was demoted because of his race, and/or as retaliation against Plaintiff for reporting other discriminatory, harassing, and/or retaliatory conduct. Defendants Barnett, Rodriguez, and Escalante, had actual and/or constructive knowledge of this conduct and Defendants Barnett, Rodriguez, and Escalante, failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action. Further, all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance.

**FIRST CLAIM FOR RELIEF**
(**Racial Discrimination, 42 U.S.C. §1981 *et seq., against* ADVANCE SERVICES, INC., ARCHER-DANIELS-MIDLAND CO., ARCHER DANIELS MIDLAND COMPANY, ADM RICE, INC., ADM MILLING COMPANY, RUSH PERSONNEL SERVICES, INC., and Does 1 through 100**)

27. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

28. The conduct of Defendants violates 42 U.S.C. § 1981, which prohibits discrimination against employees based on race.

29. As a direct and proximate result of the discrimination, Plaintiff suffered actual damages,

6
COMPLAINT FOR DAMAGES

including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

30. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

31. Plaintiff requests relief as hereinafter provided.

## SECOND CLAIM FOR RELIEF
(**Racial Discrimination, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against ADVANCE SERVICES, INC., ARCHER-DANIELS-MIDLAND CO., ARCHER DANIELS MIDLAND COMPANY, ADM RICE, INC., ADM MILLING COMPANY, RUSH PERSONNEL SERVICES, INC., and Does 1-100**)

32. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

33. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which prohibits discrimination against employees based on race.

34. As a direct and proximate result of the discrimination, Plaintiff suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury

damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

35. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

36. Plaintiff requests relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF
(**Harassment Based on Race, California Fair Employment and Housing Act, California Government Code §12940** *et seq*.**, against all Defendants**)

37. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

38. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq*., which prohibits harassment against employees based on race.

39. As a direct and proximate result of the harassment suffered by Plaintiff, Plaintiff suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail.  Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

40. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary

and punitive damages from Defendants in an amount according to proof.

41. Plaintiff requests relief as hereinafter provided.

**FOURTH CLAIM FOR RELIEF**
(**Retaliation, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against all Defendants**)

42. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

43. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which prohibits relation against an employee who has engaged in a protected activity of reporting and/or opposing racial discrimination. Plaintiff suffered racial discrimination and harassment and opposed it, including by reporting it to his supervisors. He was then subject to adverse, tangible employment actions as a result of engaging in this protected activity.

44. As a direct and proximate result of the retaliation suffered by Plaintiff, Plaintiff suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

45. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

46. Plaintiff requests relief as hereinafter provided.

**FIFTH CLAIM FOR RELIEF**
(**Failure to Prevent and Cure Harassment and Discrimination, California Fair Employment and Housing Act, California Government Code §12940 *et seq*., against ADVANCE SERVICES, INC., ARCHER-DANIELS-MIDLAND CO., ARCHER DANIELS MIDLAND COMPANY, ADM RICE, INC., ADM MILLING COMPANY, RUSH PERSONNEL SERVICES, INC., and Does 1-100**)

47. The allegations of the foregoing paragraphs are re-alleged and incorporated herein by reference.

48. The conduct of Defendants violates the California Fair Employment and Housing Act, California Government Code §12940 *et seq.*, which holds an employer liable for failing to remedy and prevent harassment when it has actual or constructive knowledge of harassment and discrimination. Defendants had actual and/or constructive knowledge of the harassment and discrimination perpetrated against Plaintiff but did not take reasonable action to prevent it or correct it.

49. As a direct and proximate result of Defendants' failures, Plaintiff suffered actual damages, including lost income, benefits, promotional and career opportunities, and other losses in an amount to be determined at the time of trail. Further, Plaintiff suffered great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional and physical distress in an amount to be determined at trial. Plaintiff is entitled to recover all damages resulting from Defendants' wrongful conduct, including compensatory damages, general damages, personal injury damages, past and future medical expenses, attorneys' fees, costs and any other damages the Court deems appropriate.

50. Defendants committed the acts herein despicably, maliciously, fraudulently, and oppressively with the intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Further, Defendants knew that their conduct was illegal and certain to injure and damage Plaintiff, and plaintiff is entitled to recover exemplary and punitive damages from Defendants in an amount according to proof.

51. Plaintiff requests relief as hereinafter provided.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For special and economic damages according to proof;

2. For general damages and non-economic damages according to proof;

3. For punitive damages in an appropriate amount according to proof;

4. For prejudgment interest at the prevailing legal rate;

5. For reasonable attorneys' fees, costs, and expert witness fees;

6. For equitable relief according to proof; and,

7. For such other and further relief as the court deems just and proper.

DATED:  February 18, 2022

**MASTAGNI HOLSTEDT, APC**

By /s/ Grant A. Winter
Grant A. Winter
Attorneys for plaintiff
Duriel Davis

## **DEMAND FOR JURY TRIAL**

Plaintiff Duriel Davis hereby demands a trial by jury.

DATED:  February 18, 2022

**MASTAGNI HOLSTEDT, APC**

By /s/ Grant A. Winter
GRANT A. WINTER
Attorneys for Plaintiff
Duriel Davis