UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURIEL DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ADVANCE SERVICES, INC., et al.,<br><br>  Defendants. | No. 2:22-cv-00343-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is a Motion to Dismiss Plaintiff Duriel Davis' ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] filed by the following groups of Defendants: (1) Archer-Daniels-Midland Company, ADM Rice, Inc., and ADM Milling Company (collectively, "ADM Corporate Defendants"); (2) Janet Escalante (erroneously sued as Janette Escalante), Matthew House, and Johnny Barnett (collectively, the "Individual Managers"); and (3) Carlos Guerrero ("Guerrero") (erroneously sued as Carlos Guerrera) (collectively with ADM Corporate Defendants and Individual Managers, "Moving Defendants").[2] ECF Nos. 32 ("Moving Defs.' Mot."),
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Defendant Advance Services, Inc. ("Advance") filed an Answer to the Complaint. ECF No. 7. Defendants Rush Personnel Services, Inc. ("Rush") and Omar Rosales ("Rosales") have not yet appeared in this action.

1

36 ("Pl.'s Opp'n"), 38 ("Moving Defs.' Reply"). For the following reasons, that Motion is GRANTED in part and DENIED in part.[3]

## **BACKGROUND**[4]

In or around late 2017, Plaintiff, who is African American, began working for Advance and/or ADM Corporate Defendants and/or Rush in Woodland, California, and is still employed by them. Plaintiff alleges that since early 2019, he has been subjected to a continuing series of similar and related discriminatory, harassing, and/or retaliatory actions by all Defendants because of his race and/or Defendants' perception of Plaintiff's race and/or because Plaintiff complained of and opposed unlawful actions that were taken against him because of his race.

For example, in February 2019, Plaintiff alleges that his foreman/supervisor Guerrero fashioned a noose out of a piece of rope, presented the noose to Plaintiff, pretended to hang himself by the neck with it, and told Plaintiff, "This is for you." On September 23, 2020, Plaintiff alleges that his co-worker Rosales did the same thing by fashioning a noose out of a piece of rope and telling Plaintiff, "It's for you." Another incident allegedly occurred in June 2020, when Guerrero pointed Plaintiff out to another employee, who was looking for a brownie Guerrero was supposed to bring for lunch, and told the employee, "There is your brownie," in reference to Plaintiff. A few months later, in October 2020, Plaintiff alleges he was demoted from the shipping department to the sanitation department because of his race and/or as retaliation for Plaintiff's reporting of discriminatory, harassing, and/or retaliatory conduct.

More generally, Plaintiff alleges that between June 2020 and the present, all Defendants (1) ignored Plaintiff; (2) spoke in other languages to exclude Plaintiff from

---

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

[4] Unless otherwise noted, the following recitation of facts is taken, primarily verbatim, from Plaintiff's Complaint. ECF No. 1 ("Compl.").

2

conversations, including work-related conversations and information; (3) accused Plaintiff of work-related and other misconduct; and (4) singled out Plaintiff for punishment and/or discipline.  Regarding the above events, Plaintiff claims that the Individual Managers had actual and/or constructive knowledge of this conduct but they failed to take all reasonable steps to prevent this conduct from occurring and take immediate and appropriate corrective action.  Finally, Plaintiff alleges that all Defendants aided and abetted this harassing and retaliatory conduct by offering encouragement and/or assistance to the perpetrator(s).

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must

///

contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

4

**ANALYSIS**

The Complaint asserts the following Claims for Relief:  (1) Racial Discrimination in Violation of 42 U.S.C. § 1981 ("§ 1981") against Advance, ADM Corporate Defendants, and Rush; (2) Racial Discrimination in Violation of California's Fair Employment and Housing Act, California Government Code §§ 12940 et seq. ("FEHA"), against Advance, ADM Corporate Defendants, and Rush; (3) Harassment Based on Race in Violation of FEHA against all Defendants; (4) Retaliation in Violation of FEHA against all Defendants; and (5) Failure to Prevent and Cure Harassment and Discrimination in Violation of FEHA against Advance, ADM Corporate Defendants, and Rush.  See Compl., at 6–10.  Moving Defendants seek dismissal of all claims asserted against them on the basis that Plaintiff fails to state a claim upon which relief may be granted.[5]  The Court will address each of the claims in turn.

**A.   First and Second Claims for Relief:  Racial Discrimination in Violation of § 1981 and FEHA Against ADM Corporate Defendants**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . ." 42 U.S.C. § 1981(a).  "To establish his initial prima facie case of race discrimination, [Plaintiff] must show that:  (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Morrow v. City of Oakland, No. C 11-02351 LB, 2012 WL 2133755, at *10 (N.D. Cal. June 12, 2012); see Fonseca v. Sysco Food Servs. of Ariz.,

---

[5] Moving Defendants moved to dismiss the First, Second, and Fifth Claims for Relief against all of them, but Plaintiff confirmed in his Opposition brief that those claims are not asserted against the Individual Managers or Guerrero. See Pl.'s Opp'n, at 6–7, 9.

Inc., 374 F.3d 840, 850 (9th Cir. 2004) ("Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case.").

Similarly, FEHA prohibits, in part, an employer from discriminating against an employee "in compensation or in terms, conditions, or privileges of employment" on the basis of race. See Cal. Gov't Code § 12940(a). "To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) [he] was a member of a protected class; (ii) [he] was qualified for the position [he] sought or was performing competently in the position [he] held; (iii) [he] suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive." Ayala v. Frito Lay, Inc., 263 F. Supp. 3d 891, 905 (E.D. Cal. 2017).

At issue here is whether Plaintiff suffered an adverse employment action. See Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (under Title VII, "an adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment.'") (citation omitted) (alterations in original); Ayala, 263 F. Supp. 3d at 905 (adverse employment actions under FEHA include "termination, demotion, failing to promote, denial of an available job, adverse job assignments, official discipline, and significant changes in compensation or benefits."). Plaintiff alleges, in part, that (1) his move from the shipping department to the sanitation department constituted a demotion, (2) he was accused "of work-related and other misconduct," and (3) he was "singl[ed] [] out for punishment and/or discipline." Compl. ¶¶ 26(d)–(e). As a result, Plaintiff claims he "suffered actual damages, including lost income, benefits, promotional and career opportunities." Id. ¶¶ 29, 34.

Moving Defendants argue that Plaintiff fails to allege why any of these actions are adverse. See, e.g., Moving Defs.' Mot., at 17 ("Plaintiff does not allege a difference in pay or benefits from the Shipping Department to the Sanitation Department, or a difference in any other condition, so as to support his conclusory statement that the move was 'a demotion.'"). However, adverse employment actions "are not limited only to

so-called ultimate employment actions such as termination or demotion, but also the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for advancement in his or her career." Hicks v. Netflix, Inc., 472 F. Supp. 3d 763, 775 (C.D. Cal. 2020) (citing Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1054 (2005)) (internal quotation marks omitted).  Viewing the Complaint as a whole and accepting the allegations as true, the Court can reasonably infer, at this stage, that the department change, accusations of workplace misconduct, and being subjected to discipline materially affected Plaintiff's employment and opportunity for advancement.  Therefore, Moving Defendants' Motion to Dismiss the First and Second Claims for Relief is DENIED.

**B.     Third Claim for Relief:  Harassment Based on Race in Violation of FEHA Against Moving Defendants**

"To establish a prima facie claim for harassment and hostile work environment under the FEHA, a plaintiff must allege and demonstrate that:  (i) [he] is a member of a protected group; (ii) [he] was subjected to harassment because [he] belonged to this group; and (iii) the alleged harassment was so severe or pervasive that it created a hostile work environment." Ayala, 263 F. Supp. 3d at 909–10.  "Courts consider the totality of the circumstances in evaluating whether a hostile work environment exists, including 'the frequency of the discriminatory conduct[;] its severity[;] whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Id. at 910 (quoting Miller v. Dep't of Corr., 36 Cal. 4th 446, 462 (2005)).

**1.     Individual Managers**

Plaintiff seeks to hold the Individual Managers liable under an aiding and abetting theory of harassment. See Pl.'s Opp'n, at 6 (citing, in part, Smith v. BP Lubricants USA Inc., 64 Cal. App. 5th 138, 146 (2021) (stating "individuals and entities who are not the plaintiff's employer may be liable under FEHA for aiding and abetting the plaintiff's employer's violation of FEHA.")).  On the other hand, Moving Defendants argue that

"employees may be held personally liable for any harassment that they themselves have committed," and thus "liability does not extend to employees who did not engage in harassing conduct." See Moving Defs.' Mot., at 15 (citing, in part, Fiol v. Doellstedt, 50 Cal. App. 4th 1318, 1326–30 (1996) (holding that "a supervisory employee is not personally liable under the FEHA, as an aider and abettor of the harasser, for failing to take action to prevent the . . . harassment of a subordinate employee.")). As such, Moving Defendants contend that because there are no allegations that the Individual Managers personally participated in harassing conduct, this claim should be dismissed against them. Under either approach, the Court finds the result is the same.

Here, the only specific allegations related to the Individual Managers are that they "had actual and/or constructive knowledge of the actions by Defendants' employees and [they] failed to take all reasonable steps to prevent this conduct from occurring and failed to take immediate and appropriate corrective action." See, e.g., Compl. ¶ 26. Even more generally, the Complaint alleges that "all Defendants, and each of them, aided and abetted in this harassing and retaliatory conduct by offering encouragement and/or assistance." See id. However, Plaintiff does not allege on how each Individual Manager knew about the alleged conduct or how they encouraged or assisted said conduct. Furthermore, there is nothing in the Complaint indicating how the Individual Managers acted in concert to harass Plaintiff. See Smith, 64 Cal. App. 5th at 146 (stating that the "common basis for liability for . . . aiding and abetting . . . is concerted wrongful action.").

Plaintiff also alleges that all Defendants "ignor[ed] Plaintiff, [spoke] in other languages to exclude Plaintiff from conversations, including work-related conversations and information, accus[ed] Plaintiff of work-related and other misconduct, and singl[ed] Plaintiff out for punishment and/or discipline." Id. ¶ 26(d). Assuming these allegations pertain to the Individual Managers, they are also too conclusory because they do not indicate which Individual Manager committed these acts let alone how each one committed them. The Court thus cannot determine whether the actions of the Individual Managers constitute as harassment.

Ultimately, Plaintiff's general and conclusory allegations that the Individual Managers knew about and/or aided and abetted any harassment in violation of FEHA are insufficient. Accordingly, Moving Defendants' Motion to Dismiss the Third Claim for Relief as to the Individual Managers is GRANTED with leave to amend.

### 2. Guerrero

Plaintiff alleges two events involving Guerrero, the first one being that, in February 2019, he "fashioned a noose out of a piece of rope, presented the noose to Plaintiff, [] pretended to hang himself by the neck with the noose[,] . . . [and] told Plaintiff 'This is for you'." Compl. ¶ 26(a). Second, in June 2020, Guerrero allegedly "pointed Plaintiff out to another employee . . . and told the employee 'There is your brownie', in reference to Plaintiff." Id. ¶ 26(b). Moving Defendants argue that these two incidents, which occurred months apart, cannot be considered severe or pervasive to qualify as harassment. See Moving Defs.' Mot., at 18.

"In general, the Ninth Circuit has found that such 'isolated' incidents, occurring sporadically over a long period of time, are not severe or pervasive enough to alter the conditions of employment." Henry v. Regents of the Univ. of Cal., 37 F. Supp. 3d 1067, 1085 (N.D. Cal. 2014), aff'd, 644 F. App'x 787 (9th Cir. 2016) ("Henry") (collecting cases). However, "[t]he Ninth Circuit has held that '[i]f a single incident can ever suffice to support a hostile work environment claim, the incident must be extremely severe,' and a California court of appeals has similarly held, in a FEHA harassment case, that an incident 'must be severe in the extreme and generally must include either physical violence or the threat thereof.'" Id. at 1086 (quoting Brooks v. City of San Mateo, 229 F.3d 917, 926 (9th Cir. 2000); Herberg v. Cal. Inst. of the Arts, 101 Cal. App. 4th 142, 151 (2002)).

Accepting Plaintiff's allegations as true for purposes of this Motion, those pertaining to Guerrero and the noose alone are without doubt extremely severe and a threat of physical violence. Unlike Henry, where the plaintiff failed to "provide[] evidence that the noose was directed at him personally (either by being placed in his personal

work area such as his locker, or containing a note or a picture indicating that he was the target of the display)," 37 F. Supp. 3d at 1086, Guerrero's actions were clearly directed at Plaintiff when he presented the noose to him, pretended to hang himself with it, and said, "This is for you." If "a single display of a noose [can be] sufficient to defeat summary judgment[,]" id. (collecting cases), then it is certainly enough to defeat a Rule 12(b)(6) motion to dismiss. Therefore, Moving Defendants' Motion to Dismiss this claim as to Guerrero is DENIED.

### 3. ADM Corporate Defendants

Moving Defendants rely on the same arguments pertaining to Guerrero above in seeking dismissal of this claim against the ADM Corporate Defendants. Because the Court finds that Plaintiff has alleged a viable FEHA harassment claim against Guerrero, it follows that the claim should proceed against the ADM Corporate Defendants as well. Accordingly, Moving Defendants' Motion to Dismiss on this ground is DENIED.

## C. Fourth Claim for Relief: Retaliation in Violation of FEHA Against Moving Defendants

### 1. Individual Managers and Guerrero

Moving Defendants argue that Plaintiff can only pursue his FEHA retaliation claim against his employer, meaning that there is no individual liability for supervisors or other employees. See Moving Defs.' Mot., at 13–14, 17. Plaintiff does not address this contention in his Opposition brief but in any case, Moving Defendants are correct. See Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1173 (2008) (holding that "the employer is liable for retaliation under [FEHA], but nonemployer individuals are not personally liable for their role in that retaliation."). Because the law is clear and Plaintiffs did not oppose this contention, leave to amend would be futile. The Motion to Dismiss this claim against the Individual Managers and Guerrero is thus GRANTED without leave to amend.

///

///

### 2. ADM Corporate Defendants

Moving Defendants seek to dismiss this claim against the ADM Corporate Defendants on the same grounds as the discrimination and harassment claims above. See Moving Defs.' Mot., at 22. Because the Court finds that Plaintiff has stated viable discrimination and harassment claims against the ADM Corporate Defendants, their Motion to Dismiss the FEHA retaliation claim fails for those same reasons is thus DENIED.

### D. Fifth Claim for Relief: Failure to Prevent and Cure Harassment and Discrimination in Violation of FEHA Against ADM Corporate Defendants

Moving Defendants argue that because "Plaintiff's alleged claims of discrimination and harassment are legally deficient[,] [f]or this reason alone, Plaintiff's failure-to-prevent claim will not succeed." Id. As previously stated, the discrimination and harassment claims are proceeding against the ADM Corporate Defendants and Moving Defendants have not offered any alternative argument as to why this claim should be dismissed. The Motion to Dismiss the Fifth Claim for Relief is therefore DENIED.

### E. Amendment

In his Opposition brief, Plaintiff states that he "could plead additional facts about circumstances occurring after the events pled in the first complaint, including that plaintiff was terminated as a result of his race and as retaliation, filed a subsequent DFEH complaint about the termination, and has suffered and continues to suffer injuries." Pl.'s Opp'n, at 10. If he so desires, Plaintiff is directed to file a motion for leave to amend the Complaint to add such claims as set forth below.

## CONCLUSION

For the reasons set forth above, Moving Defendants' Motion to Dismiss, ECF No. 32, is GRANTED in part and DENIED in part. The Third Claim for Relief as to the Individual Managers is DISMISSED with leave to amend. The Fourth Claim for Relief as

to the Individual Managers and Guerrero is DISMISSED without leave to amend. Moving Defendants' Motion is otherwise DENIED.  Not later than thirty (30) days after the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file either (1) an amended complaint consistent with this Memorandum and Order, or (2) a motion for leave to amend the Complaint as indicated in the immediately preceding section.  If a motion for leave to amend is filed, Plaintiff need not file an amended complaint along with it.  Following the Court's disposition of the motion for leave to amend, it will permit Plaintiff additional time to file an amended complaint consistent with the foregoing.  If, however, neither an amended complaint nor a motion for leave to amend is timely filed, the claims dismissed by virtue of this Memorandum and Order will be deemed dismissed without leave to amend upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  July 19, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE