DAVID P. MASTAGNI (SBN 57721)
GRANT A. WINTER (SBN 266329)
**MASTAGNI HOLSTEDT, A.P.C.**
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
*Email:* gwinter@mastagni.com

Attorneys for Plaintiff DURIEL DAVIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURIEL DAVIS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADVANCE SERVICES, INC., a corporation; ARCHER-DANIELS-MIDLAND CO., a corporation; ARCHER DANIELS MIDLAND COMPANY; ADM RICE, INC., a corporation; ADM MILLING COMPANY, a corporation; RUSH PERSONNEL SERVICES, INC., a corporation; JOHNNY BARNETT, an individual; JANETTE ESCALANTE, an individual; MATTHEW HOUSE, an individual; OMAR ROSALES, an individual; CARLOS GUERRERA, an individual; and, DOES 1 through 100 inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-00343-MCE-JDP<br><br>**PLAINTIFF DURIEL DAVIS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**<br>[FRCP 15(d)]<br><br>Hearing Date: October 5, 2023<br>Time: 10:00AM<br>Courtroom: 7 |

### I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(d), and the Court's Order of July 20, 2023 [Docket No. 39], Plaintiff Duriel Davis hereby requests that the Court grant leave to file a First Amended Complaint that includes supplemental claims which arose after the filing of the original complaint in this case. Mr. Davis seeks to file a new complaint that comports with the Court's

1  ruling of July 30, 2023 – *i.e.* dismissing certain individual defendants from the third and fourth causes of action – and also adds supplemental facts that occurred after the filing of the initial complaint to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the case was first filed.

Mr. Davis submits that the "amendments" are warranted pursuant to the Court's order of July 20, 2023, and the "supplemental" additional facts fall within the scope of Federal Rule of Civil Procedure and the Court's July 20, 2023 order.

## II.  FACTUAL BASIS

On February 22, 2022, Mr. Davis initiated this lawsuit by filing his original complaint. [Docket No. 1, Complaint].

The complaint asserted the following race-based causes of action against various groups of the defendants: 1) Racial Discrimination, 42 U.S.C. §1981; 2) Racial Discrimination, California Fair Employment and Housing Act, California Government Code §12940 *et seq*.; 3) Harassment Based on Race, California Fair Employment and Housing Act, California Government Code §12940 et seq.; 4) Retaliation, California Fair Employment and Housing Act, California Government Code §12940 *et seq*.; 5) Failure to Prevent and Cure Harassment and Discrimination, California Fair Employment and Housing Act, California Government Code §12940 *et seq*. [Docket No. 1, Complaint]. In summary, the factual basis of the complaint was that from 2019 to 2021, Mr. Davis was employed and/or supervised by the defendants, and in the course of his employment he was subjected to repeated racist discrimination and harassment, and then was retaliated for complaining about it.

On April 7, 2023 – after the parties has attempted to mediate the case – defendants Archer-Daniels-Midland Co., ADM Rice, Inc., ADM Milling Company, Janet Escalante, Matthew House, and Johnny Barnett filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 32].

Mr. Davis opposed the Motion to Dismiss, an in addition to other arguments, stated that he could plead additional facts regarding discrimination, harassment, and relation that had occurred after February 22, 2022, including that Mr. Davis had been terminated. [Docket No. 36,

p. 10:1-5].

On July 20, 2023, the Court issued an order denying in part, and granting in part, the Motion to Dismiss. In summary, the Court dismissed the claims against several individual defendants and denied the remainder of the motion. The Court also stated Mr. Davis may file a motion for leave to plead his supplemental claims, and that if the motion for leave is not granted, then Mr. Davis may have additional time to file an amended complaint to comport with the other parts of the Court's Order. [Docket No. 39, p. 11:16-22].

Mr. Davis' Proposed First Amended and Supplemental Complaint is attached to the Declaration of Grant A. Winter as Exhibit A. **Winter Decl., ¶2, Exhibit A**. The Supplemental facts and material are found at the following locations in the proposed complaint: Paragraph 19, at p. 4:3-9; Paragraph 20 (formerly Paragraph 22), at p. 4:11-12; Paragraph 24, subparagraph (f), at p. 6:18-27. In summary, these additions allege that Mr. Davis was terminated from his job as a result of raced based discrimination and harassment, and/or retaliation, and that he timely obtained a "Right to Sue" letter from the California Department of Civil Rights.

### III.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 15(d) provides a procedural basis for requesting leave to supplement the pleadings to set forth "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FRCP 15(d). Rule 15(d) permits the filing of a supplemental pleading that introduces a claim not alleged in the complaint based on facts not in existence when the original complaint was filed. *Cabrera v. City of Huntington Park*, 159 F3d 374, 382(9th Cir. 1998).

Supplemental pleadings are favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. Therefore, absent a clear showing of prejudice to the opposing parties, they are liberally allowed. *Keith v. Volpe*, 858 F2d 467, 473 (9th Cir. 1988).

As explained by the Ninth Circuit in *Keith*, only some relationship must exist between the claims asserted in the original pleading and the supplemental complaint, and "they need not all arise out of the same transaction." *Keith*, *supra*, 858 F2d at 473 [there is no requirement that the

supplemental claims be transactionally identical to the events giving rise to the original claims].

In this case, all the supplemental facts and additional claims are closely related – and, in fact, arise out of the same transaction – because they all relate to the racial discrimination and harassment Mr. Davis suffered and the subsequent discrimination, harassment, and retaliation he endured after reporting it. The supplemental allegations include that he was terminated from his job for those reasons.

Supplementing the lawsuit is also beneficial and efficient. The parties are the same. The alleged underlying racial conduct and retaliation is the same. The measure of damages is related. Judicial efficiency and reduced litigation expense will be accomplished by adding these supplemental claims to this litigation as opposed to litigating them in different lawsuits or forums.

No parties will be prejudiced. In fact, the parties will benefit by not potentially being deprived of information potentially discovered in other cases but not in this one.

### IV.   CONCLUSION

For the following reasons, Mr. Davis submits that the Court should grant leave to file the Proposed First Amended and Supplemental Complaint.

Mr. Davis does not waive his right to assert his supplemental claims in separate lawsuits if the Court denies leave to add the supplemental claims in this action.

Dated:  August 18, 2023                        **MASTAGNI HOLSTEDT, A.P.C.**

                                                    By /s/ Grant A. Winter
                                                      GRANT A. WINTER
                                                      Attorneys for Plaintiff
                                                     Duriel Davis