UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURIEL DAVIS, | No. 2:22-cv-00343-MCE-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| ADVANCE SERVICES, INC., et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Duriel Davis' ("Plaintiff") Motion for Leave to File a Supplemental Complaint. ECF No. 42; see also Pl.'s Mem. ISO Mot. Leave, ECF No. 42-2 ("Pl.'s Mem."). The following groups of Defendants filed Statements of Non-Opposition to the Motion: (1) Carlos Guerrero; and (2) Archer-Daniels-Midland Company, ADM Rice, Inc., ADM Milling Company, Janet Escalante, Matthew House, and Johnny Barnett.[1]  ECF Nos. 44–45.

Federal Rule of Civil Procedure 15(d)[2] provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the

---

[1] Defendant Advance Services, Inc., who previously filed an Answer to the original Complaint, did not file any response to the present Motion.  Defendants Rush Personnel Services, Inc., and Omar Rosales have not filed a response or otherwise appeared in this action.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

pleading to be supplemented." See also Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."). "A trial court has broad discretion in deciding whether to permit a supplemental pleading." Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013). The Court's "focus is on judicial efficiency[,]" but "factors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading." Id.

Here, Plaintiff's additional allegations are that he "was terminated from his job as a result of race[] based discrimination and harassment, and/or retaliation, and that he timely obtained a 'Right to Sue' letter from the California Department of Civil Rights." Pl.'s Mem., at 3; see also Ex. A, Winter Decl., ECF No. 42-1, ¶¶ 19, 20, 24(f) (proposed First Amended and Supplemental Complaint). Plaintiff does not include new causes of action or parties, and his additional allegations are related to his original causes of action of racial discrimination, harassment, and retaliation. The Court does not find the filing of a supplemental complaint will prejudice Defendants especially in light of some Defendants' non-oppositions and other Defendants' failures to respond to the Motion.

Accordingly, Plaintiff's Motion for Leave to File a Supplemental Complaint, ECF No. 42, is GRANTED.[3] Not later than five (5) days from the date this Order is electronically filed, Plaintiff shall file his First Amended and Supplemental Complaint on the docket. Failure to file will be considered to be a waiver of filing by Plaintiff.

IT IS SO ORDERED.

Dated: October 12, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument would not have been of material assistance, the Court declines to set a hearing and decides this matter on the briefs. E.D. Local Rule 230(g).